IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| Kings Plush, Inc. d/b/a Specialty Textiles Inc. <br><br> Plaintiff <br><br> vs. <br><br> Pelm Products, LLC d/b/a J. Allen Fabric <br><br> Defendant. | Civil Action No. 1:24-cv-259 |

# COMPLAINT

**COMES NOW** the Plaintiff, Kings Plush, Inc. d/b/a Specialty Textiles, Inc., by and through its legal counsel, Trego, Hines & Ladenheim, PLLC, and in support of the instant Complaint against Defendant, Pelm Products, LLC d/b/a J. Allen Fabric, does hereby allege and aver:

### Parties

1. Plaintiff, Kings Plush, Inc. d/b/a STI, Inc., is a North Carolina corporation having a principal place of business at 515 Marie Street, Kings Mountain, North Carolina 28086.

2. Upon information and belief, Defendant Pelm Products, LLC d/b/a J. Allen Fabric is a limited liability company having a principal place of business at 2472 Peck Road, Whittier, CA 90601.

### Jurisdiction and Venue

3. This Court has both diversity and federal question jurisdiction over this case.

4. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

5. This Court has original and exclusive federal question jurisdiction over the copyright claim asserted herein pursuant to 17 U.S.C. §101 *et seq.* and 28 USC §§1331, 1338(a).

6. The jurisdictional prerequisite imposed by 17 U.S.C. §411(a) is satisfied by United States Copyright Registration No. VA 2-411-559. A copy of the relevant Certificate of Registration is attached hereto as Exhibit 1.

7. This Court has original federal question jurisdiction over the Lanham Act claim in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

8. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claim so as to form part of the same case or controversy under Article III of the United States Constitution.

10. Upon information and belief, Defendant Pelm Products, LLC d/b/a J. Allen Fabric has sufficient contacts with this State and District such that this Court's exercise of personal jurisdiction over it comports with traditional notions of fair play and substantial justice.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**STI and the STI Intellectual Property**

12. Kings Plush, Inc. d/b/a STI, Inc. (hereinafter, "STI") is in the business of designing, manufacturing and selling upholstery fabrics.

13. STI began operations in 1964 and primarily produced velvets and plush fabrics for the upholstered furniture industry.

14. Since 1994, STI has focused its manufacturing efforts on producing upholstery fabrics for the residential furniture industry.

15. In the regular course of its business, STI routinely creates, or has created on its behalf, copyrightable fabric patterns.

16. STI is the owner of an extensive collection of copyrighted fabric patterns that it uses in its upholstery fabric business.

17. For example, STI is the owner of all right, title and interest in and to the QUADRANGLE fabric pattern.

18. The QUADRANGLE fabric pattern was created in 2023.

19. A true and accurate photograph of a swatch of the QUADRANGLE fabric pattern appears below:



20. The QUADRANGLE fabric pattern was introduced into the market at least as early as November, 2023.

21. Specifically, the QUADRANGLE fabric pattern was publicly available at the November 2023 Interwoven Textile Fair hosted by the International Textile Alliance in High Point, North Carolina.

22. The QUADRANGLE fabric pattern was also publicly available at the May 2024 Interwoven Textile Fair hosted by the International Textile Alliance in High Point, North Carolina.

23. STI is the owner of the copyright associated with the QUADRANGLE fabric pattern and filed an application to register its claim of copyright with the United States Copyright Office on August 23, 2024.

24. STI's application to register the copyright embodied in the QUADRANGLE fabric pattern has matured to registration and the application has been assigned United States Copyright Registration No. VA 2-411-559 (hereinafter, "the '559 Registration").

25. The QUADRANGLE fabric pattern is one of many copyrighted fabric patterns owned by STI.

26. In addition to its collection of copyrighted works, STI has a universe of trademarks that it uses in connection with its upholstery fabric business.

27. For example, each of STI's proprietary fabric patterns is assigned a unique name designation which STI uses as a source indicator. Illustrative examples include: SIESTA, MAX, GRANDE, LABRADOODLE, CURLY Q and MURANO.

28. One of STI's most popular fabric patterns is known by the brand name SUGARSHACK.

29. STI has used the SUGARSHACK mark in commerce in connection with the provision of goods and services, namely, upholstery fabrics, since at least as early as September, 2014.

30. STI is the owner of United States Trademark Application Serial No. 98/706169 for the mark SUGARSHACK which is currently pending before the United States Patent and Trademark Office.

31. Over the course of the past decade, SUGARSHACK has become one of STI's strongest and most sought-after brands.

32. As a result of STI's concerted branding efforts, the SUGARSHACK mark has become widely associated, in the minds of the consuming and general public, with upholstery fabric offered by STI.

33. The SUGARSHACK mark is indicative to both the trade industry and consumers that upholstery fabrics offered under the SUGARSHACK mark originate from, or are sponsored or approved by, STI, and constitute genuine and authentic STI fabrics.

**Unlawful Acts of JAF**

34. Defendant Pelm Products, LLC d/b/a J. Allen Fabric (hereinafter, "JAF") is in the textile business.

35. STI and JAF are direct competitors in the residential upholstery industry.

36. STI and JAF both regularly attend industry events and shows.

37. Upon information and belief, representatives from JAF attended the November 2023 Interwoven Textile Fair hosted by the International Textile Alliance in High Point, North Carolina where the QUADRANGLE fabric pattern was on public display.

38. Upon information and belief, representatives from JAF attended Highpoint Market in April 2024 where the QUADRANGLE fabric pattern was on public display with a JAF chenille

5

base cloth fabric in a mutual customer's showroom. A true and correct photograph of the April 2024 Highpoint Market display showcasing the QUADRANGLE fabric pattern in conjunction with a JAF chenille base cloth appears below:



39. Upon information and belief, representatives from JAF also attended the May 2024 Interwoven Textile Fair hosted by the International Textile Alliance in High Point, North Carolina where the QUADRANGLE fabric pattern was on public display.

40. In June or July of 2024, after having actual access to the QUADRANGLE fabric pattern on multiple occasions, JAF introduced a "New Arrival" fabric pattern styled as TRINITY. A true and accurate image of the TRINITY fabric pattern taken from the JAF website appears below:



41. Upon information and belief, the TRINITY fabric pattern offered by JAF is an unauthorized derivative work based on the QUADRANGLE fabric pattern owned by STI.

42. JAF recently hired one of STI's former sales agents, Mr. Mike Wiloughby.

43. During Mr. Wiloughby's tenure at STI he had access to the company's designs, fabric patterns, and swatch books.

44. Upon information and belief, Mr. Wiloughby took STI designs, fabric patterns, and swatch books with him when he left STI.

45. Subsequent to Mr. Wiloughby's departure from STI and his arrival at JAF, JAF released a new line of REVIVE performance fabrics.

46. Many of these new fabrics bear a striking resemblance to STI fabric patterns and are based upon well-known STI brands.

47. Consumers familiar with STI brands are confused by JAF's new product offerings and mistakenly believe that those offerings emanate from, or are affiliated with, or are sponsored by, STI.

48. On or about September 16, 2024, another competitor in the residential upholstery industry approached the leadership team at STI and inquired when STI started licensing its fabric patterns and brands to JAF.

49. STI informed this competitor that it was not licensing patterns or brands to JAF and inquired as to why the competitor was under that impression.

50. The competitor indicated that he had seen the patterns at a JAF showroom and recognized them as STI patterns. He further indicated that when he inquired about a specific pattern the representative told him that it was SUGARSHACK.

51. STI has not licensed any of its fabric patterns or any of its brands, including QUADRANGLE and/or SUGARSHACK, to JAF.

52. Notwithstanding, JAF has, upon information and belief, created an unauthorized derivative works based on the QUADRANGLE fabric pattern.

53. Further, JAF has, upon information and belief, made unauthorized use of the SUGARSHACK trademark in such a way as to create potential and actual consumer confusion in the marketplace.

54. STI has been damaged by the acts of JAF as described herein and will continued to be so damaged in the absence of relief from this Court.

## CLAIM I
## COPYRIGHT INFRINGEMENT
## (28 U.S.C. §§2201 and 2202)

55. Paragraphs 1- 54 are incorporated by reference herein as though set forth in their entirety.

56. STI is the owner of all right, title and interest in and to the copyright associated with the QUADRANGLE fabric pattern which is the subject of the '559 Registration attached hereto as Exhibit 1.

57. JAF had access to the QUADRANGLE fabric pattern through STI marketing materials, the STI Internet website, and at multiple industry tradeshows.

58. Upon information and belief, JAF, willfully, and without the knowledge or consent of STI, copied or caused to be copied the QUADRANGLE fabric pattern embodied in the '559 Registration and/or did unlawfully create or cause to be created derivative works therefrom, namely, the TRINITY fabric pattern.

59. The TRINITY fabric pattern created by JAF constitutes an unauthorized derivative work of the QUADRANGLE fabric pattern owned by STI.

60. The TRINITY fabric pattern created by JAF is, at a minimum, substantially similar to the QUADRANGLE fabric pattern owned by STI.

61. The conduct of JAF constitutes a willful violation of the exclusive rights of the owner of the '559 Registration as set forth in 17 U.S.C. §106 and creates in STI, as the copyright owner, a cause of action for copyright infringement under 17 U.S.C. §501.

62. STI has been damaged by the conduct of JAF as described herein and will continue to be so damaged in the absence of relief granted by this Court.

63. By reason of the foregoing, STI is entitled to recover its actual damages together with all profits of JAF attributable to the infringement. In the alternative, and its election, STI may be entitled to recover statutory damages together with its attorneys' fees under 17 U.S.C. §§504 and 505.

## CLAIM II
## TRADEMARK INFRINGEMENT - FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. §1125(a))

64. Paragraphs 1- 63 are incorporated by reference herein as though set forth in their entirety.

65. Upon information and belief, JAF had actual knowledge of the SUGARSHACK trademark owned by STI, and, without the consent of STI, knowingly and deliberately used in commerce, in connection with the provision of upholstery fabric, a mark which is likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

66. Upon information and belief, JAF has used, and continues to use, the SUGARSHACK mark in commerce in connection with the sale of upholstery fabric which use creates a

likelihood of consumer confusion in the marketplace and actual consumer confusion in the marketplace.

67. Such use constitutes trademark infringement, false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between JAF and STI, or as to the origin, sponsorship, or approval of the goods or commercial activities of JAF by STI.

68. As a direct and proximate cause of the acts of JAF as described herein, STI has been damaged in an amount to be determined at trial.

69. STI is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of JAF, and the cost of the action under 15 U.S.C. §1117.

70. The acts of JAF as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

71. The acts of JAF as described herein have caused and will continue to cause serious irreparable injury to STI and to the good will associated with the SUGARSHACK mark unless restrained and enjoined by this Court. STI has no adequate remedy at law.

## CLAIM III
## NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES
### (N.C. Gen. Stat. §75-1)

72. Paragraphs 1-71 are incorporated by reference herein as though set forth in their entirety.

73. The activities of JAF as described in the forgoing paragraphs, and in each cause of action herein asserted, constitute unfair and/or deceptive trade practices that have occurred and are occurring in commerce and have proximately caused and are proximately causing

10

injury to STI. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. §75-1.1.

74. By reason of the foregoing, STI is entitled to recover from JAF, treble damages and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. §75-16 and 75-16.1.

## CLAIM IV
## NORTH CAROLINA COMMON LAW
## TRADEMARK INFRINGEMENT / UNFAIR COMPETITION

75. Paragraphs 1 – 74 are incorporated by reference herein as though set forth in their entirety.

76. JAF has used a mark in commerce in connection with the provision of upholstery fabric which is likely to create, and has created, consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of North Carolina.

77. The activities of JAF as described herein are unfair acts that have damaged the legitimate business of STI; therefore those activities constitute unfair competition pursuant to the common law of North Carolina.

78. STI has been damaged by the conduct of JAF as described herein and will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, STI respectfully prays:

A. That Defendant Pelm Products, LLC d/b/a J. Allen Fabric be found liable for copyright infringement resulting from creation of an unauthorized derivative work based on the QUADRANGLE fabric pattern embodied in United States Copyright Registration No. VA 2-411-559;

B. That Defendant Pelm Products, LLC d/b/a J. Allen Fabric, together with its agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from infringing United States Copyright Registration No. VA 2-411-559;

C. That this Court order the impounding and destruction of any and all copies of the accused work or any other infringing work of Defendant Pelm Products, LLC d/b/a J. Allen Fabric, including any and all plans, cutsheets, sketches, drafts, plates, patterns, molds, matrices, masters, tapes, film negatives, computer files or other articles or means by which copies of the same may be reproduced;

D. That STI be awarded judgment for damages and profits pursuant to 17 U.S.C. §504 against Defendant Pelm Products, LLC d/b/a J. Allen Fabric resulting from its infringement of United States Copyright Registration No. VA 2-411-559 in an amount to be determined at trial;

E. That Defendant Pelm Products, LLC d/b/a J. Allen Fabric be found liable for Federal Trademark Infringement, Federal Unfair Competition, and Federal False Designation of Origin resulting from its unauthorized use of the SUGARSHACK trademark in connection with the sale of upholstery fabric;

F. That Defendant Pelm Products, LLC d/b/a J. Allen Fabric, together with its agents, servants, employees and attorneys and all those in active concert or participation with it, be permanently and forever enjoined from using the SUGARSHACK mark or any mark confusingly similar thereto;

G. That STI be awarded judgment for damages against Defendant Pelm Products, LLC d/b/a J. Allen Fabric resulting from violation of Section 43(a) of the Lanham Act (15 U.S.C.

§1125(a)) for Federal Unfair Competition, in an amount to be fixed by the Court which in its discretion it finds just, including: 1) all profits received by Defendant from sales and revenues of any kind as a result of the actions complained of herein; and 2) all damages sustained by STI as a result of Defendant's acts, and that such damages be trebled; and 3) That, in light of the deliberate and willful actions of Defendant this action be designated an exceptional case, thereby entitling STI to an award of all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

H. That STI be awarded judgment for damages as a result of each of the unfair and deceptive trade practices committed by Defendant Pelm Products, LLC d/b/a J. Allen Fabric and that those damages be trebled pursuant to N.C. Gen. Stat. §75-16 and that STI be awarded reasonable attorneys' fees pursuant to N.C. Gen Stat. §75-16.l;

I. That STI be awarded judgment for damages resulting from Defendant Pelm Products, LLC d/b/a J. Allen Fabric's common law trademark infringement and common law unfair competition;

J. That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

K. That all triable issues be brought before a jury.

Respectfully submitted,

This, the 18th day of October, 2024.

**TREGO, HINES & LADENHIEM, PLLC**

/s/ Matthew J. Ladenheim
Matthew J. Ladenheim
NC State Bar No. 29309
TREGO HINES & LADENHEIM, PLLC
102254 Hickorywood Hill Ave
Huntersville, North Carolina 28078
Telephone: 704-599-8911
E-mail: mjl@thlip.com